**LEE LITIGATION GROUP, PLLC**
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ALFONSO CHAVES OREA,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class,* | Case No: |
| Plaintiff, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| 54 BELOW LLC<br>d/b/a FEINSTEIN'S/54 BELOW,<br>and JOHN DOES 1-5 | |
| Defendants. | |

---

Plaintiff ALFONSO CHAVES OREA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 54 BELOW LLC d/b/a 54 BELOW (the "Corporate Defendant"), and JOHN DOES 1-5  and state as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, (2) unpaid wages, including overtime, due to time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further allege, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, (2) unpaid wages, including overtime, due to time-shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff additionally alleges that he was deprived of his statutory rights as a result of Defendants' unlawful discrimination practices, in violation of New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendants to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff ALFONSO CHAVES OREA a resident of Kings County, New York.

7.      At all relevant times, Defendants have owned and operated a restaurant under the trade name "54 Below", and after 2015 under the trade name "Feinstein's/54 Below", located in the cellar of 254 West 54th Street, New York, NY 10019 (the "Restaurant"). *See* **Exhibit A**.

8.      Corporate Defendant 54 BELOW LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address

for service of process located at 254 West 54th Street, Fl. 10, New York, NY 10019. *See* **Exhibit B.**

9.      Individual Defendants JOHN DOES 1-5 are co-owners and principals of Corporate Defendant. JOHN DOES 1-5 exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. JOHN DOES 1-5 exercise the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to JOHN DOES 1-5 directly regarding any of the terms of their employment, and JOHN DOES 1-5 would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. JOHN DOES 1-5 exercised functional control over the business and financial operations of Corporate Defendants. JOHN DOES 1-5 had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10.      At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

11.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.      Plaintiff ALFONSO CHAVEZ OREA bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-

exempt employees, including but not limited to cooks, servers, food runners, bussers, porters, hosts, dishwashers and delivery persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff ALFONSO CHAVEZ OREA and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal (i) to pay Plaintiff wages for all hours worked, and (ii) to pay Plaintiff for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek, due to Defendants' policies of time-shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiff ALFONSO CHAVEZ OREA bring claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, servers, food runners, bussers, porters, dishwashers, hosts, and delivery persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

16.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay proper wages for all hours worked, (ii) failing to pay proper wages for all hours worked including those in excess of forty (40) hours each workweek, due to a policy of time-shaving, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

19.      Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

20.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

b)   What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

d)   Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

e)   Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f)   Whether Defendants provided Plaintiff and Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

g) Whether Defendants provided Plaintiff and Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

**STATEMENT OF FACTS**

23.     In or around June 2019 Plaintiff ALFONSO CHAVES OREA was hired by Defendants to work as a cook for Defendants' Restaurant. Plaintiff's employment with Defendants terminated March 24, 2022.

24.     Throughout his employment, Plaintiff was scheduled to work five (5) days per week, from 2:00 p.m. to 11:00 p.m. Every other week, Plaintiff was required to work a sixth (6th) day from 2:00 p.m. to 11:00 p.m.

25.     From the start of his employment to January 2022, Plaintiff was paid at a base hourly rate of $19.00 per hour. From January 2022 to February 2022, Plaintiff was paid at a base hourly rate of $22.00 per hour. From February 2022 to the end of his employment, Plaintiff was paid at a base hourly rate of $23.00 per hour.

26.     At all relevant times, Plaintiff was required to clock out for thirty (30) minutes per shift for a meal break. However, on a daily basis Plaintiff would be required to work through his breaks. However, despite the fact that Plaintiff was unable to take a free and clear meal break, Defendants would still automatically deduct thirty (30) minutes for a meal break from Plaintiff's wages. FLSA Collective Plaintiffs and Class Members were similarly required by Defendants to work through their meal breaks.

27.     Throughout Plaintiff's employment, Plaintiff was missing approximately one and a half (1.5) to two and a half (2.5) hours from his weekly wages due to Defendants arbitrary deductions and time shaving. This led to Plaintiff being time shaved approximately six (6) to ten

(10) hours each month. FLSA Collective Plaintiffs and Class Members were similarly missing significant hours from their wages.

28.     During his employment, Defendants failed to compensate Plaintiff with his first week's wages and Defendants similarly failed to compensate Plaintiff with his wages for his last week of work.

29.     Defendants never provided Plaintiff with proper wage notices, as required by the NYLL. Similarly, Class Members were never provided with any proper wage notices.

30.     Defendants did not provide Plaintiff with proper wage statements at all relevant times. Similarly, Class members also did not receive proper wage statements, in violation of the NYLL.

31.     Plaintiff, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

32.     Defendants knowingly and willfully operated their business with a policy of not properly compensating Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours worked, including the overtime premium rate of one-and-one-half times the base hourly rate for hours worked in excess of forty (40) hours in a work week, due to time-shaving.

33.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members, pursuant to the requirements of the NYLL.

35.     At no time during the relevant time periods did Defendants provide Plaintiff or the Class members with wage notices or proper wage statements as required by NYLL.

36.     Throughout his employment, Plaintiff suffered from Defendants discriminatory practices. Plaintiff is a Hispanic male, and during his employment, Defendants specifically targeted and discriminated against Hispanic employees.

37.     Defendants discriminated against Hispanic employees by constantly targeting and treating Hispanic employees worse than their Black employee counterparts. Black employees were granted greater leeway with their usage of cell phones on the floor, showing up at work late, or going outside during their breaks. If Hispanic employees attempted to do any of the above, they would be yelled at and punished by Defendants.

38.     Furthermore, qualified Hispanic employees were denied wage raises, promotions, and even had issues having vacation days be approved by Defendants. However, unlike the Hispanic employees, Black employees were given raises and promotions before the more qualified Hispanic employees, and had no issues having their vacation days be approved.

39.     In or around the end of March 2022, Plaintiff complained to his manager about the difference in treatment between the Hispanic and Black employees. Plaintiff's manager ignored his complaints, and a few days later, Plaintiff was fired. It is evident that Plaintiff's termination was in retaliation for his complaints about the difference in treatment between Hispanic and Black employees, and any other reasons given was clearly pre-textual.

40.     Due to Defendants biased and discriminatory actions, and in response to Plaintiff's complaints of those actions, Plaintiff's employment was terminated. Plaintiff suffered physical and emotional damages, discomfort, and humiliation as a result of Defendants' discrimination and the retaliatory termination by Defendants.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.      At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

46.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

47.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

48.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective

Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

52. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, unpaid wages, including overtime, due to timeshaving, and an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and the Class Members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked.

57.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

58.     Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law;

59.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class Members, in direct violation of the New York Labor Law;

60.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and Class Members, as required by New York Labor Law § 195(3).

61.     Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, unpaid wages, including overtime due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

**COUNT III**

**<u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>**

62.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

63.     Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendant is a covered employer under the NYSHRL.

64.     Defendant violated Plaintiff's statutorily protected rights under the NYSHRL, New York Executive Law §296, by engaging in discriminatory employment practices, subjecting him to discrimination based on his race and terminating his employment in retaliation of his complaints about such discrimination.

65.     Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

66.     As a result of Defendant's unlawful and discriminatory employment practices, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

67.     Due to Defendant's violation under the NYSHRL, based on racial discrimination, Plaintiff is entitled to recover from Defendant: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein, (2) economic damages, and (3) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

68.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

69.     Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendant is a covered employer under the NYCHRL.

70.     Defendant violated Plaintiff's statutorily protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by engaging in discriminatory employment practices and by terminating his employment in retaliation of his complaints about such discrimination against Hispanic employees.

71.    Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

72.    As a result of Defendant's unlawful employment practices, Plaintiff sustained injury, including economic damages, past and future emotional distress, and the costs of bringing this action.

73.    Due to Defendant's violation under the NYCHRL based on racial discrimination, Plaintiff is entitled to recover from Defendant: (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALFONSO CHAVEZ OREA, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

      a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

      b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

      c.   An award of unpaid wages, including overtime compensation, due under the FLSA and NYLL;

      d.   An award of unpaid wages, including overtime compensation, due to Defendants' policy of time-shaving under the FLSA and NYLL;

e.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages for off-the-clock work, pursuant to the FLSA or NYLL;

g.   An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h.  An award of backpay, compensatory damages, and punitive damages due under NYSHRL;

i.  An award of backpay, compensatory damages, and punitive damages due under NYCHRL;

j.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representatives of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 7, 2022                            Respectfully submitted,

                                    By:      _/s/ C.K. Lee_____
                                             C.K. Lee, Esq.

                                             **LEE LITIGATION GROUP, PLLC**
                                             C.K. Lee (CL 4086)
                                             Anne Seelig (AS 3976)
                                             148 West 24th Street, 8th Floor
                                             New York, NY 10011
                                             Tel.: 212-465-1188
                                             Fax: 212-465-1181
                                             *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*